**Nityananda PATI, Appellant,**

v.

**Doris West NEWMAN, Appellee.**

**No. 9356.**

United States Court of Appeals
Fourth Circuit.

Argued April 30, 1964.

Decided Aug. 10, 1964.

J. Kenneth Lee, Greensboro, N. C. (A. W. Sapp, Greensboro, N. C., on the brief), for appellant.

Bynum M. Hunter, Greensboro, N. C. (Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on the brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

This action for personal injuries and property damage arose out of a collision between two automobiles in Greensboro, North Carolina on June 28, 1962. The so-called Diversity Statute confers jurisdiction upon the federal court. The plaintiff, Nityananda Pati, the appellant here, filed suit against the defendant, Doris West Newman, the appellee, to recover for his injuries. Hereafter they will be referred to as plaintiff and defendant. The defendant filed a counterclaim for personal injuries and property damage. The jury found both parties guilty of negligence. The plaintiff moved to set aside the verdict which motion was denied. From the judgment entered on that verdict, denying recovery to either party, the plaintiff appealed.

On appeal the following issues are presented:

(1) Whether the District Court erred in denying plaintiff's motion to set aside the verdict of the jury relating to the alleged contributory negligence of the plaintiff and in refusing to grant a new trial on the issue of the plaintiff's alleged contributory negligence.

(2) Whether the District Court committed error in failing to properly instruct the jury as to the law of the case.

The collision occurred on Ashe Street in Greensboro, a two lane street, in front of the Ranch Restaurant which was located on the west side of Ashe Street. The defendant had been operating her automobile in a northerly direction until reaching a point opposite the entrance to the restaurant. She stopped in the north bound lane after giving a left turn signal, looked to the north and saw no oncoming traffic. She then turned her automobile left driving across the lane for south bound traffic and toward the entrance to the restaurant. After the front of her automobile had crossed the south bound lane and started into the driveway of the restaurant it was struck on the right side by the plaintiff's automobile. The blow was of sufficient force to tilt defendant's automobile on its left wheels and to crush its front. The posted speed limit was 35 miles per hour. From the point of the collision, looking north one could see approximately 185 feet to the crest of the hill from which direction plaintiff's automobile approached. There were 42 feet of heavy skid marks leading up to the rear wheels of plaintiff's automobile which had stopped after the impact in the south bound lane.

There was testimony by two eye witnesses expressing the opinion that the plaintiff's automobile was travelling 45 to 50 miles per hour as it approached the scene of the collision. There was no evidence showing any other northbound traffic which might have prevented the plaintiff from swerving left into the northbound lane and thereby avoiding the collision.

The evidence was sufficient to raise an issue for the jury and the jury has found that the plaintiff was guilty of contributory negligence. The able and experienced trial judge has declined to interfere with that verdict.

On the second issue it is perhaps sufficient to point to the fact that neither party objected to the court's instructions

**546**

to the jury before the jury retired. Under Rule 51 of the Federal Rules of Civil Procedure, failure to so object precludes either party from assigning error.

However, from an examination of the charge we are of opinion that there was no error. The jury was carefully charged and by their questions directed to the court the record indicates that the members understood the issues.

We find no reversible error and the judgment of the District Court is affirmed.

Affirmed.